# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

ROSE ROMANO,                          )
     Plaintiff,                       )
                                  )
     v.                               )     CAUSE NO.: 2:06-CV-342-JVB-PRC
                                  )
THE CITY OF HAMMOND POLICE             )
DEPARTMENT,                            )
     Defendant.                       )

## OPINION AND ORDER

This matter is before the Court on a (1) Motion to Strike Reply in Support of Plaintiff's Motion to Compel and to Re-Open Discovery; and, Alternatively, Motion for Extension of Time to Reply [DE 57], filed by Defendant on June 29, 2010; a (2) a Response to the Defendant's Motion to Strike the Plaintiff's "Reply" to the Defendant's Motions, or, in the Alternative, Motion for Leave to File Instanter a Response to the Defendant's Motions [DE 59], filed by Plaintiff on July 13, 2010; and a (3) Motion to Strike Plaintiff's Latest "Reply" to the Defendant's Motion for Protective Order [DE 62], filed by Defendant on July 15, 2010.

On June 4, 2010, Plaintiff filed a Motion to Compel Witness to Comply with Subpoena and to Reopen Discovery for a Limited Purpose [DE 48]. Defendant filed a response brief in which it also moved for a protective order and to quash Plaintiff's subpoena *duces tecum*[1] on June 11, 2010. Plaintiff filed a Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions on June 25, 2010, as [DE 54], and as [DE 56] on June 28, 2010.

In the instant Motion to Strike Reply [DE 57], Defendant requests that the Court strike Plaintiff's briefs [DE 54] and [DE 56] because they are untimely reply briefs that fail to comply with Local Rule 7.1. In particular, Defendant argues that the briefs were filed more than seven days after Defendant's response brief and are untimely under Local Rule 7.1(a), which provides that "the

---

[1] This document was filed as Defendant's Response to Plaintiff's Motion to Compel and Reopen Discovery and Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum [DE 50]

moving party shall have seven (7) days after service of a response in which to serve and file a reply." L.R. 7.1(a). Further, Defendant argues that the Plaintiff violates Local Rule 7.1(d) in that the briefs are in excess of the 15-page limitation for reply briefs contained therein.

In response, Plaintiff argues that she mistakenly labeled her brief as a reply brief when it actually is a response brief to Defendant's motions for a protective order and to quash Plaintiff's subpoena. In the alternative, if the Court construes the document as a reply brief, Plaintiff requests leave to file a fifteen page response brief *instanter*.

In the instant Motion to Strike Plaintiff's Latest "Reply" [DE 62], Defendant requests that the Court strike the proposed response brief attached as an exhibit to Plaintiff's Response to the Defendant's Motion to Strike the Plaintiff's "Reply" to the Defendant's Motions, or, in the Alternative, Motion for Leave to File Instanter a Response to the Defendant's Motions [DE 59] as it fails to comport with Local Rule 7.1(d)'s requirement that the text of the document be in 12-point font.

As a preliminary matter, the Court's review of [DE 56] reveals that it is a corrected version of [DE 54], which had pages that were not in order. Accordingly, the Court strikes [DE 54].

After reviewing Plaintiff's Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56], the Court concludes that it is a hybrid response and reply brief. In particular, Plaintiff dedicates most of the brief to responding to Defendant's request for a protective order and to quash Plaintiff's subpoena *duces tecum*. Therefore, these portions of the brief are a response to Defendant's motions, rather than a reply in support of Plaintiff's Motion to Compel. Nonetheless, other portions of the brief address issues in support of Plaintiff's Motion to Compel (such as contending that Plaintiff complied with Local Rule 37.1) and constitute a reply.

"A district court's 'decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion.'" *Stanciel v. Gramley*, 267 F.3d 575, 579

(7th Cir. 2001) (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)). Here, Defendant requests that the Court strictly apply Rule 7.1.

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). While the Court finds that the Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56] is a hybrid response/reply brief, Plaintiff has failed to provide any justification for her failure to reply to Defendant's response brief in the time allotted under Rule 7.1(a). Therefore, the Court strikes the portions of Plaintiff's brief that reply to Defendant's response.

Given that the Court construes [DE 56] as both a response and reply brief, the Court denies the Plaintiff's request for leave to file a separate response brief and the Motion to Strike Plaintiff's Latest "Reply" [DE 62].

Further, if the Court does not strike Plaintiff's brief [DE 56], Defendant requests a fourteen day extension of time from the date of this Opinion and Order within which to file a reply in support of its Response to Plaintiff's Motion to Compel and Reopen Discovery and Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum [DE 50]. However, because Defendant requests that the Court strictly apply its Local Rules in this matter, Defendant must also comply with Local Rule 7.1(a).

Accordingly, the Court hereby **GRANTS in part and DENIES in part the** Motion to Strike Reply in Support of Plaintiff's Motion to Compel and to Re-Open Discovery; and, Alternatively, Motion for Extension of Time to Reply [DE 57]:

(1) The Court **DENIES** the Motion to the extent that Defendant requests that the Court strike the Plaintiff's Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56] in its entirety;

(2) The Court **GRANTS** the Motion to the extent that Defendant requests that the Court strike Plaintiff's reply and hereby **STRIKES** the portions of Plaintiff's Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56] that are a reply in support of Plaintiff's Motion to Compel and will not consider these portions when reviewing the Motion to Compel; and

(3) The Court **GRANTS** the Motion, but for relief different than requested, and **ORDERS** that Defendant shall have seven (7) days, in accordance with Local Rule 7.1(a) after the date of this Opinion and Order within which to file a reply brief in support of [DE 50].

The Court **STRIKES** Plaintiff's Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 54].

The Court **DENIES** the motion contained in Plaintiff's Response to the Defendant's Motion to Strike the Plaintiff's "Reply" to the Defendant's Motions, or, in the Alternative, Motion for Leave to File Instanter a Response to the Defendant's Motions [DE 59].

The Court further **DENIES** the Motion to Strike Plaintiff's Latest "Reply" to the Defendant's Motion for Protective Order [DE 62].

SO ORDERED this 20th day of July, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record