**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ROSE ROMANO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-342-JVB-PRC |
| | ) | |
| THE CITY OF HAMMOND POLICE | ) | |
| DEPARTMENT, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a (1) Motion to Compel Witness to Comply with Subpoena and to Reopen Discovery for a Limited Purpose [DE 48], filed by Plaintiff on June 4, 2010; (2) Defendant's Response to Plaintiff's Motion to Compel and Reopen Discovery and Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum [DE 50], filed by Defendant on June 11, 2010; and a (3) Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56], filed by Plaintiff on June 28, 2010.

Northern District of Indiana Local Rule 7.1(b) provides that "[e]ach motion *shall be separate*; alternative motions filed together shall each be named in the caption of the face." N.D. Ind. L.R. 7.1(b) (emphasis added). Here, except for the Motion to Compel, the other motions before the Court were not filed separately, but rather, were filed within response briefs. Nonetheless, in the interest of efficiency, the Court will consider the motions as if they were properly filed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint in this case on October 11, 2006, alleging disability discrimination in violation of the Americans With Disabilities Act ("ADA"). At the February 8, 2007 Rule 16 Preliminary Pretrial Conference, the Court set the discovery deadline for January 15, 2008. On January 24, 2008, because the discovery period expired and there were no pending non-

dispositive motions, the case was reassigned to Judge Joseph Van Bokkelen to conduct all further proceedings. Judge Van Bokkelen issued an Order [DE 20] reopening discovery and referring this matter back to the undersigned Magistrate Judge on February 14, 2008. The Court conducted a telephonic scheduling conference on February 27, 2008, during which it set the second discovery deadline for November 14, 2008.

On December 12, 2008, the Court issued an Order extending the discovery deadline through May 20, 2009. Plaintiff's attorney withdrew from this case on February 5, 2009, and new counsel entered his appearance on April 16, 2009. The Court conducted an April 16, 2009 Status Conference during which it extended the discovery deadline, again, through August 20, 2009.

On July 23, 2009, counsel for Plaintiff wrote to counsel for Defendant to submit a notice of deposition of several Hammond police officers, including Officer Ken Daniels.

On July 28, 2009, the Court issued an Order granting the parties' joint motion to extend the discovery deadline and extended the discovery deadline through September 30, 2009. On August 31, 2009, Plaintiff served another notice of deposition on certain Hammond police officers, including Officer Daniels. Counsel for Defendant notified counsel for Plaintiff, in a facsimile communication dated September 10, 2009, that Officer Daniels was on sick leave with serious health problems and was unavailable for deposition. On September 25, 2009, the Court granted Plaintiff's motion to extend the discovery deadline and did so through October 30, 2009.

On October 27, 2009, counsel for Defendant sent to counsel for Plaintiff an Affidavit from Dr. Claude Foreit, one of Officer Daniels' physicians, indicating that Officer Daniels sustained a post-operative infection following knee replacement surgery, requiring further medical care, and

making him unavailable to submit to deposition until being cleared to do so after re-evaluation by his physicians in January 2010.

On January 8, 2010, counsel for Plaintiff faxed to counsel for Defendant a letter requesting production of certain documents, along with a request to take Officer Daniels' deposition on January 29, 2010. Counsel for Defendant responded to counsel for Plaintiff on January 14, 2010, indicating that Officer Daniels was at the Mayo Clinic for knee replacement and would not be available for the requested deposition, but that the parties could schedule his deposition once he received approval from his physician to do so.

Because the discovery period expired without any pending non-dispositive motions, the case was again reassigned to Judge Van Bokkelen for all further proceedings on January 29, 2010.

On April 13, 2010, counsel for Defendant wrote to counsel for Plaintiff, indicating that Officer Daniels was scheduled to return from the Mayo Clinic on May 1, 2010, and was available for deposition, before he left, on April 27 or 28, 2010. After being notified that the proposed dates did not work for Plaintiff's counsel, on April 26, 2010, counsel for Defendant notified Plaintiff's counsel that Officer Daniels might be available for deposition on May 26, 27, or 28, 2010.

The parties then agreed to conduct Officer Daniels' deposition on May 27, 2010. On May 20, 2010, Plaintiff's counsel served on Officer Daniels, via Lieutenant Richard Hoyda, a subpoena *duces tecum*, dated May 21, 2010, seeking production of all documents in his possession relating to the diagnosis and treatment of his knee(s), including documents providing notice of the condition of his knee(s) to the Hammond Police Department and any request for accommodation. Plaintiff had not previously requested this information. Counsel for Defendant wrote to counsel for Plaintiff on

May 25, 2010, objecting to the subpoena. Counsel for Plaintiff then cancelled Officer Daniels' deposition.

Plaintiff filed her Motion to Compel Witness to Comply with Subpoena and to Reopen Discovery for a Limited Purpose on June 4, 2010. Defendant responded by filing a Response to Plaintiff's Motion to Compel and Reopen Discovery and Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum on June 11, 2010, to which Plaintiff filed a Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions on June 28, 2010.

The Court issued a July 20, 2010 Opinion and Order concluding that Plaintiff's Reply brief was a hybrid response and reply brief. The Court struck as untimely the portions of the Reply that were a reply to the arguments raised in Defendant's response brief to the Motion to Compel.

Judge Van Bokkelen referred this matter back to Magistrate Judge Paul R. Cherry for determination of non-dispositive matters on June 21, 2010. Defendant filed a reply brief in support of its motion for protective order and to quash on July 28, 2010.

**A. The Parties' Compliance with Rule 37 and Local Rule 37.1**

As a preliminary matter, the parties allege that each has failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1 in that they failed to confer about discovery disputes prior to filing the instant Motions. In particular, counsel for Defendant argues that counsel for Plaintiff failed to file a Certification reciting his attempts to resolve this discovery dispute without Court intervention, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1. Counsel for Plaintiff argues that counsel for Defendant failed to comply with Rule 37 prior to filing the Motion for Protective Order and to Quash, allegedly engaging in a thirty second phone call.

4

Plaintiff failed to file a Local Rule 37.1 Certification with the instant Motion to Compel. Plaintiff filed the Certification, belatedly, on June 25, 2010, indicating that counsel for the parties conferred about the motion to compel and Defendant's motions on June 11, 2010, in a three second conversation that ended without reaching an agreement. Although counsel for Plaintiff represents in the Certification that the conference lasted for three seconds, the Court assumes that he means thirty seconds, in conformance with his representations in his brief. Counsel for Plaintiff fails to explain why he was unable to file the Local Rule 37.1 Certification *before* filing the Motion to Compel and why he did not confer with Defendant's counsel until *afterward*.

Counsel for Defendant filed a Local Rule 37.1 Certification on June 11, 2010, along with the Response and Motion for a Protective Order and to Quash, indicating that the parties conferred via telephone on June 11, 2010, during which counsel for Defendant notified counsel for Plaintiff that he intended to file Defendant's instant Motions and inquiring into whether the dispute could be resolved without court action, but the parties were unable to reach an agreement.

Despite Plaintiff's counsel's failure to confer with Defendant's counsel *prior* to filing the Motion to Compel, in light of both parties' Local Rule 37.1 Certifications, the Court finds that the parties have somewhat complied with the spirit of Rule 37 and Local Rule 37.1 and their motions are properly before this Court.

**B. Defendant's Motion for a Protective Order**

Defendant requests that the Court issue a protective order related to the information that Plaintiff requests in her subpoena because Plaintiff has been dilatory in seeking the requested records. In particular, Defendant alleges that Plaintiff waited until after the extended discovery period closed to request the information sought through the subpoena, Plaintiff was on notice before

5

the discovery deadline expired that Officer Daniels was on sick leave and unavailable for deposition because of a serious health problem, and should have requested the sought information back then.

Plaintiff argues that she was not dilatory as she tried on several occasions to take Officer Daniels' deposition, deciding to ultimately cancel it because Defendant would not produce the requested documents. Further Plaintiff argues that the evidence in this case shows that Officer Daniels was on sick leave, but not that he was seriously ill, and when Plaintiff's counsel received Defendant's September 10, 2009 letter, he was unaware of Officer Daniels' attendance record and did not have information regarding the degree of his absenteeism until March 2010. Further, the evidence of record is contradictory as to the extent of Officer Daniels' health problems as Dr. Foreit's affidavit indicated that Officer Daniels sustained a post-operative infection *following* knee replacement surgery, but counsel for Defendant notified counsel for Plaintiff on January 14, 2010, that Officer Daniels was at the Mayo Clinic *for* knee replacement.

> Federal Rule of Civil Procedure 26(c)(1) provides that:
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). As Rule 26(c)(1) provides, only good cause is required in determining whether or not to issue a protective order. *Beauchem v. Rockford Prods. Corp.*, No. 01

C 50134, 2002 WL 31155088, at *3 (N.D. Ill. Sept. 27, 2002). "The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Felling*, 211 F.R.D. at 554. The party seeking the protective order has the burden of showing that good cause exists for it. *Id.*

Other than arguing that Plaintiff was dilatory, Defendant has failed to provide any other basis for granting a protective order. While Plaintiff may have delayed in requesting the information sought in her subpoena, Defendant has failed to provide any evidence indicating that Plaintiff knew of the seriousness of Officer Daniels' health problems and absenteeism, such that she should have requested his records before the discovery deadline expired. Further, in the context of the requested protective order, Defendant has not argued that it will suffer annoyance, embarrassment, oppression, or undue burden or expense. It is Defendant's burden to show good cause for a protective order and the Court finds that Defendant has failed to meet that burden. Accordingly, the Court denies Defendant's request for a protective order.

### C. Plaintiff's Motion to Strike and Defendant's Motion to Quash

In her response to Defendant's Motion for Protective Order and to Quash Subpoena, Plaintiff moves to strike these motions on the grounds that Officer Daniels has not resisted Plaintiff's Motion to Compel and Defendant does not represent Officer Daniels and, thus, has no standing to move for a protective order or to quash the subpoena on his behalf.

Given that the Court has already determined that Defendant's request for a protective order must be denied, the Court denies as moot the Motion to Strike as to the protective order.

7

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty to produce designated documents. "[P]retrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But [Rule 45(c)] allows the fish to object, and when they do so the fisherman" must justify his pursuit. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). As a general rule, a party lacks standing under Rule 45(c)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the requested documents in the subpoena. *Manufacturer Direct, LLC v. Directbuy, Inc.*, No. 2:05 cv 451, 2007 WL 496382, at *2 (N.D. Ind. Feb. 12, 2007); *see Teed v. JT Packard & Associates, Inc.*, No. 10-MISC-23, 2010 WL 2925902, at *2 (E.D. Wis. July 20, 2010) (Slip Copy); *Barker v. Local 150, Intern. Union of Operating Engineers, AFL-CIO*, No. 08 C 50015, 2010 WL 934068, at *3 (N.D. Ill. March 11, 2010) (Slip Copy).

Here, Defendant has not claimed a personal right to the requested documents and, although initially invoking the physician-patient privilege under Indiana law, later indicated in its reply brief that it did not assert that the subpoenaed records were privileged. Therefore, because Defendant has not claimed a personal right[1] or privilege with respect to the requested documents, and admits that its attorney does not represent Officer Daniels, it has no standing to bring the instant Motion to

---

[1] Although Defendant moves to quash the subpoena to the extent that it possesses any of the records requested in the subpoena, Defendant does not argue or cite any law supporting that mere possession of these records provides it with a personal right and has not indicated that it actually possesses any of the requested records.

Quash on Officer Daniels' behalf. Nonetheless, the Court will evaluate the merits of Defendant's arguments in support of quashing the subpoena.

Defendant argues that the subpoena should be quashed because it is unduly burdensome. To determine whether a subpoena is unduly burdensome, a court weighs a number of factors including relevance, the burden imposed, and non-party status. *See U.S. v. Miller*, No. 3:02-CV-790 WL, 2007 WL 178581, at *2 (N.D. Ind. Jan. 19, 2007). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome. *Id.*

First, Defendant argues that because Officer Daniels is not a party to this case, this weighs in favor of quashing the subpoena. While non-party status is a significant factor to be considered in determining whether the burden imposed is undue, this factor is not itself dispositive. *Ligas v. Maram*, No. 05 C 4331, 2007 WL 4225459, at *5 (N.D. Ill. Nov. 27, 2007). Defendant has failed to argue how Officer Daniels' nonparty status creates an undue burden. "An underdeveloped argument, or argument not raised at all, is a waived argument." *Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137-AS, 2008 WL 45357, at *2 (N.D. Ind. Jan. 2, 2008).

Next, Defendant argues that the records sought are irrelevant. Plaintiff argues that the information is relevant to her ADA claim and showing whether Officer Daniels was disabled and, if not, whether he was treated better than her by the Defendant. Defendant argues that the medical records are irrelevant because the inquiry in Plaintiff's prima facie case focuses on her own disability, rather than a nonparty. The ADA prohibits employers from discriminating against a qualified individual with a disability because of her disability. 42 U.S.C. § 12112(a). In the absence of direct evidence of discrimination, a plaintiff may prove her prima facie case of disability discrimination under the indirect method by showing that (1) she is disabled under the ADA, (2) she

9

was meeting her employer's legitimate employment expectations, (3) she suffered an adverse employment action, and "(4) *similarly situated employees without a disability were treated more favorably.*" *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009) (emphasis added). Accordingly, whether Officer Daniels was not disabled and treated more favorably by the Defendant is relevant to Plaintiff's ADA claim. Therefore, the Court finds that the requested documents are relevant.

Next, Defendant argues that "the burden imposed by requiring the production of personal medical records arises from the sensitive nature of medical records and *an individual's natural reluctance to disclose such highly sensitive information.*" Def.'s Resp. Br. and Mot. to Quash, 14 (emphasis added). However, Officer Daniels has not intervened in this case to assert any privacy interest in the requested documents. Further, Defendant originally asserted the physician-patient privilege, but in its reply brief indicated that it does not assert that the subpoenaed records are privileged. Instead, Defendant argues that "the existence of the Indiana privilege regarding medical records–while not applicable as a privilege–nevertheless substantially increases the burden imposed on a party required to produce them."[2] Def.'s Reply Br. 3. However, other than making this assertion, Defendant fails to explain how the privilege under Indiana law substantially increases the burden to produce the requested documents and fails to explain what burden, if any, actually exists in this case. As already noted in this Opinion and Order, "[a]n underdeveloped argument, or argument not raised at all, is a waived argument." *Beverly*, 2008 WL 45357 at *2. Therefore, the Court considers Defendant's objection on this ground to be a waived argument.

---

[2] In support of this argument, Defendant cites *Northwestern Memorial Hospital.* 362 F.3d at 929. However, in that case, the Seventh Circuit focused on the fact that the release of information requested through the subpoena could subject the patient subjects of the medical records to threats and humiliation as the records dealt with late-term abortion. *Northwestern Memorial Hosp.*, 362 F.3d at 929. These concerns are not present in this case.

Lastly, Defendant argues that Plaintiff has failed to articulate the use for the records that she seeks. However, as already discussed, Plaintiff seeks the records in order to attempt to prove her prima facie case under the ADA. Thus, Plaintiff has articulated a use for the records and the records are relevant.

Accordingly, Defendant has failed to show that undue burden exists, justifying quashing the subpoena in this case and the Court denies Defendant's request to do so. Because the Court has denied the Motion to Quash on its merits, the Court denies as moot Plaintiff's Motion to Strike to this extent.

### D. Plaintiff's Motion to Compel and Reopen Discovery

Plaintiff requests that the Court compel Officer Daniels to produce the documents requested through the subpoena and, alternatively, extend the discovery deadline for the limited purpose of allowing Plaintiff to obtain Officer Daniels' records related to his knee condition and treatment.

In response to Plaintiff's subpoena, counsel for Defendant objected to the subpoena in a May 25, 2010 letter, on the grounds that Officer Daniels was not properly served, the discovery period had expired, the documents were not requested when Officer Daniels was initially noticed for deposition, there is no reasonable time to comply, the physician-patient privilege applied, and the subpoena subjected Officer Daniels to undue burden.

The Court has already determined that Defendant has abandoned its reliance on the physician-patient privilege and has failed to show undue burden. As to the other objections, in its response brief and Motion for Protective Order and to Quash Subpoena Duces Tecum, Defendant has failed to argue that service of the subpoena was improper so the Court considers this argument waived. Defendant also does not address its objection that there is no reasonable time to comply.

11

The subpoena provides seven days to produce the documents. Rule 45(c)(3)(A)(i) provides that a court must quash or modify a subpoena that fails to allow a reasonable time to comply, but does not provide what length of time is considered reasonable. Fed. R. Civ. P. 45(c)(3)(A)(i). "[R]easonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances." *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equipment Resource, Inc.*, No. Civ. A. 03-1496, 2004 WL 595236, at *9 (E.D. La. March 23, 2004). The fourteen day period for serving objections, as noted in Rule 45(c)(2)(B), is generally viewed as a reasonable period of time. *See Biological Processors of Alabama, Inc. v. North Georgia Environmental Services, Inc.*, Misc. Action No. 09-3673, 2009 WL 1663102, at *2 (E.D. La. June 11, 2009) (Slip Copy) (noting cases finding the same). Here, the request for documents in the subpoena does not appear to be extensive. Nonetheless, the Court finds that permitting Officer Daniels fourteen days to comply with the subpoena is reasonable under the circumstances. Further, because no time period is specified in the subpoena, and the record indicates that Officer Daniels' extensive absence from work has occurred over the last year, the Court limits the time period for disclosure of documents to the time period between October 11, 2006, and the present (which is the length of time that this case has been pending) to the extent that he has been employed by Defendant during that period of time.

Next, regarding Defendant's objections that the subpoena was not served prior to the discovery deadline and when Officer Daniels was originally notified for deposition, the record indicates that Plaintiff was not aware of the extent of Officer Daniels' absence from work or injuries until after the discovery period expired. Further complicating matters was the inconsistent information regarding the extent of Officer Daniels' condition.

Accordingly, the Court overrules Defendant's objections and grants Plaintiff's Motion to Compel.

Given that the Court has granted Plaintiff's Motion to Compel, there is no need to reopen the discovery period as Plaintiff should be able to obtain the information that she requests through the subpoena. Further, given the numerous extensions of the discovery deadline in this matter, the Court will move this case along and Plaintiff has not provided good cause for further extending the discovery deadline. Therefore, this request is denied.

## CONCLUSION

Accordingly, the Court hereby **GRANTS in part and DENIES in part** the Motion to Compel Witness to Comply with Subpoena and to Reopen Discovery for a Limited Purpose [DE 48]. The Court **GRANTS** the Motion to the extent that Plaintiff requests that the Court compel Officer Daniels to produce the documents requested in the subpoena. The Court **DENIES** the Motion to the extent that Plaintiff requests that the Court reopen discovery.

The Court **DENIES** the Defendant's Response to Plaintiff's Motion to Compel and Reopen Discovery and Defendant's Motion for Protective Order and to Quash Subpoena Duces Tecum [DE 50] to the extent that Defendant seeks a protective order and to quash the subpoena.

The Court **DENIES as moot** the Reply to Defendant's Motion for a Protective Order and Motion to Quash Subpoena and Motion to Strike These Motions [DE 56].

The Court **ORDERS** Officer Ken Daniels to comply with the subpoena by **August 20, 2010**, and disclose the requested documents to Plaintiff for the time period between October 11, 2006, and the present, to the extent that he has been employed by Defendant during that period of time. Plaintiff is **ORDERED** to serve a copy of this Opinion and Order on Officer Daniels.

SO ORDERED this 5th day of August, 2010.

               s/ Paul R. Cherry
               MAGISTRATE JUDGE PAUL R. CHERRY
               UNITED STATES DISTRICT COURT

cc:  All counsel of record