United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| ROSE ROMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-CV-342 JVB |
| | ) |
| CITY OF HAMMOND, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to amend her complaint to add a claim for reinstatement to her action brought under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (DE 142). Plaintiff has requested an expedited ruling on the motion so that she can petition the Bankruptcy Court, where her reopened bankruptcy case is pending, to abandon the claim for reinstatement. Also before the Court is the motion of Trustee in Bankruptcy Kenneth Manning to join this action in Plaintiff's stead (DE 146).

The Court finds that Plaintiff's motion to amend her complaint is moot because the original complaint is sufficient to put Defendant on notice that Plaintiff could seek reinstatement. The complaint alleges that Plaintiff was forced to take a disability pension against her will. Among other demands for relief, Plaintiff asked for "any and all such further relief as is just and proper under the circumstances." (Compl. at 5.) Title 42 U.S.C. § 12117(a) (Section 107 of the ADA) incorporates the powers, remedies, and procedures of 42 U.S.C. § 2000e-5. One such remedy is reinstatement. Thus, while the complaint does not contain an explicit request for reinstatement, it indicates that reinstatement may constitute the further relief that is just and

proper under the circumstances. *See Galli v. Morelli*, 277 F.Supp. 2d 844, 861 (S.D. Ohio, 2003) (allowing the plaintiff to pursue a claim for reinstatement where he alleged terminationin violation of his constitutional rights and requested "such equitable and further relief as may be just an appropriate"). Accordingly, Plaintiff's failure to explicitly request reinstatement is no impediment to asking the Bankruptcy Court to determine whether a claim for reinstatement is property of the bankruptcy estate and, if so, whether it should be abandoned.

Regarding whether the Trustee in Bankruptcy should be allowed to proceed as the sole plaintiff in this action, the Court notes that at least one circuit court of appeals has ruled that a debtor may pursue a claim for reinstatement in district court despite having failed to list her employment discrimination suit as an asset on her bankruptcy schedules, finding that such a claim is of no value to the bankruptcy estate. *Barger v. Cartersville*, 348 F.3d 1289, 1297 (2003). Moreover, at least two judges currently sitting on the Seventh Circuit Court of Appeals agree. *See Matthews v. Potter*, 316 Fed. Appx. 518, 524, 2009 WL 741875 (7th Cir. Feb. 25, 2009). Nonetheless, this Court defers to the expertise of the Bankruptcy Court to determine ownership of the claim for reinstatement and will withhold its ruling on the Trustee's motion to proceed as the sole plaintiff in this case until after the Bankruptcy Court has ruled.

In summary, the Court DENIES as moot Plaintiff's motion to amend (DE 142) and defers its ruling on the Trustee's motion (DE 146).

SO ORDERED on November 3, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge